CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

December 23, 2010

Howard L. Metz, Esq.
12 South Market Street, Suite 223
Frederick, MD 21701

Allen F. Loucks, AUSA
36 South Charles Street
Fourth Floor
Baltimore, MD 21201

> Re: *Curtis Cruey v. Michael J. Astrue, Commissioner of Social Security*, PWG-09-502

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Cruey's claim for Disability Insurance Benefits ("DIB"). (Paper Nos. 5, 15, 22). The Plaintiff also filed a response in opposition to Defendant's Motion (Paper No. 23). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court DENIES the Commissioner's Motion, GRANTS the Plaintiff's Motion in part and will REMAND this case for further proceedings consistent herewith.

Mr. Cruey ("Claimant") applied for DIB on August 17, 2005, alleging that he had been disabled since March 1, 2005, due to ischemic heart disease, hypertension, borderline intellectual functioning, bipolar disorder, depression, and a substance abuse disorder. (Tr. 15, 65, 107, 129). His application was denied initially, and upon reconsideration. (Tr. 23-24). Following a video hearing on March 19, 2008, the Honorable Timothy C. Pace, Administrative Law Judge ("ALJ"), denied Mr. Cruey's claim in a decision dated April 11, 2008. (Tr. 13-22).

In his decision at step two of the sequential evaluation, the ALJ determined that Mr. Cruey had the following severe impairments: coronary artery disease; low to average borderline intellectual functioning, bipolar disorder and a substance abuse disorder. At step three the ALJ found that Claimant's mental impairments, including the substance use disorder, meet Listings 12.04 and 12.09, and therefore Mr. Cruey was disabled. (Tr 16). Relying on his determination that "if the Claimant stopped the substance abuse[1]" he would no longer meet the listing, the ALJ denied his claim. (Tr. 17-22). Mr. Cruey timely requested review by the Appeals Council. The Appeals Council denied his request on January 9, 2009. (Tr. 5-8). Consequently, the ALJ's decision became the final decision of the Commissioner, making his case ready for judicial review.

The Commissioner's decision must be upheld if it is supported by substantial evidence, which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. § 405(g); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F. 2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner that applies an improper standard or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review, this Court may affirm, modify or reverse the Commissioner, with or without remand. *See* U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Claimant presents several arguments in support of his contention that the ALJ's decision is not supported by substantial evidence. First, he argues that the ALJ failed to properly evaluate whether he met Listing 12.04 in absence of substance abuse and that the ALJ's finding that

---

[1] The process required to make a finding that a claimant's substance abuse was a "material and contributing factor" to a finding of disability is found at 20 C.F.R. § 404.1535.

substance abuse was a material and contributing factor to his disability is not supported by substantial evidence. Claimant also argues that the ALJ erred at subsequent steps of the sequential evaluation by failing to consider all of his alleged exertional and non-exertional limitations in determining his residual functional capacity ("RFC"). For the reasons that follow, I agree with certain of Claimant's arguments and am remanding this case for further consideration[1].

The record is clear that Mr. Cruey has had serious problems with drinking since the age of 13, as well as a history of depression, a bi-polar disorder and serious cardiac problems since suffering a heart attack in 2003. (Tr. 273, 611). The record also establishes that Mr. Cruey stopped abusing alcohol in November 2005. *See* Def. Mem. P. 18, fn. 5. (emphasis added). The issue then, is what bearing Claimant's substance abuse disorder has on his other allegedly independently disabling impairments.

The ALJ found that when the effects of Claimant's substance abuse were considered, he met Listings 12.04 and 12.09 and his limitations were as follows:

> "Treatment records reflect that the claimant has **extreme** limitations in **activities of daily living**, **social functioning**, and **concentration, persistence or pace…**," (Tr. 17)(emphasis added).

In support of this finding that Claimant met the above referenced listings -- but only when drug and alcohol abuse were considered-- the ALJ relied primarily[2] on the report

---

[1] Claimant argues that remand solely for the calculation and award of benefits --as opposed to further proceedings-- is the appropriate remedy in this case. However, that remedy is appropriate only where: 1) the record has been fully developed or; 2) no useful purpose would be served by further administrative proceedings. *Frederick v. Astrue*, 146 Soc. Sec Rep. Serv. 980 (D. Or. 2009). As discussed herein, neither circumstance is present in this case.

[2] In finding that he met Listing 12.04 & 12.09 the ALJ also noted the report of Dr. Laura Estupian-Kane. (Tr. 16)(Exhibit 10-F)(Tr. 358-366).

submitted by Mr. Cruey's treating physician, Dr. Treveria Hayden, and stated:

> "…The undersigned finds more persuasive the opinion of the claimant's treating physician Dr. Hayden, regarding his mental capacity when abusing drugs and alcohol as it is supported by the objective evidence and his involvement with illegal activity when abusing substances. Therefore the undersigned finds that the claimant's mental disorder including substance abuse meets the criteria of section 12.04 and 12.09 of the listings."(Tr. 17).

However, the evidence cited by the ALJ does not directly or indirectly establish that Claimant's mental problems and/or limitations are attributable to substance abuse. In fact, none of the medical reports in the record that were relied upon by the ALJ specifically address which, if any, of Mr. Cruey's limitations would remain absent substance abuse[3].

The primary problem in this case is that the reports-- ie., Dr. Hayden's and Dr. Estupinan-Kane's-— relied upon by the ALJ to find that substance abuse was a material contributing factor --addressed Claimant's mental

---

[3] The only medical opinion in the record that addresses the issue of whether substance abuse may be a "material contributing factor", is a mental residual functional capacity assessment completed by a reviewing non-examining state agency physician, Dr. Deborah Rose, found at Exhibit 19F. (Tr. 625-627). The substance of this report was not discussed by the ALJ anywhere in his decision. The ALJ cited Exhibit 20F, a Psychiatric Review Technique form that was completed by Dr. Rose, but only did so in a summary fashion, and referenced it as supportive of an "RFC for light work." (Tr. 21). The Commissioner cites Exhibit 19F in his Memorandum but it was not discussed by the ALJ. Furthermore, Dr. Rose stated there was evidence Claimant suffered from additional mental impairments, namely organic mental disorder and anxiety disorder and a personality disorder under listings 12.02 12.06 and 12.08 respectively. These additional impairments were never discussed by the ALJ. This was improper in light of SSR 96-6p.(Tr. 625-628, 629-640).

limitations and were authored during periods of sobriety. Importantly, these reports show that even when free from the effects of substance abuse, claimant demonstrated limitations that would render him disabled according to the Listings' requirements[4]. The Commissioner has clearly acknowledged in his Motion that Claimant has been sober since 2005, and that the doctors' reports were authored 2006, but this was neither acknowledged nor its significance discussed by the ALJ in his decision.

Adding to the confusion is the ALJ's decision to afford Dr. Hayden's reports "significant to controlling weight" but only to the extent they were "consistent with treatment records when consuming alcohol." (Tr. 20). However Dr. Hayden never attributed Mr. Cruey's mental limitations to the effects of consuming alcohol.

In determining that Claimant only was disabled when abusing drugs and alcohol, the ALJ also relied on the report of the consultative examiner, Dr. Estupinan-Kane.(Tr. 20). Dr. Estupinan-Kane issued a report following the psychological evaluation of Claimant on February 16, 2006. See Exhibit 10-F. (Tr. 358-366). This report states, relevantly, that Claimant was "not capable of tolerating the demands of day to day work due to recurrent mood lability [sic] as well as history of alcohol dependence. He reportedly has been substance free since 12/05 but continues to struggle with mood liability despite psychotropic medication." (Tr. 365).

With respect to Dr. Estupinan-Kane's report the ALJ discounted it as establishing that Claimant was disabled because it was "rendered while the claimant was still undergoing detoxification(he was not discharged until May 2006)". (Tr. 20). This is not an accurate statement, as the record establishes that Claimant has not abused alcohol or illegal substances since November 2005. Therefore the ALJ's basis for rejecting Dr. Hayden and Estupinan-Kane's opinions is flawed, since these reports --written during periods of Claimant's sobriety--indicate that the marked and extreme limitations continue present absent substance abuse.

---

[4] Dr. Hayden's reports, dated December 12, 2006 and February 14, 2008, respectively, were both issued while Claimant's substance abuse was in remission. (Tr. 741-751).

5

The failure of the ALJ adequately to explain why he apparently relied on only portions of Dr. Hayden and Dr. Kanes' reports-- which tended to establish that Claimant continued to be disabled even when he was not abusing drugs or alcohol rather than the reports in their entirety which supports a finding of disability even when claimant is not abusing drugs or alcohol--prevents me from concluding that the ALJ's decision is supported by substantial evidence.

In sum, none of the reports in this case provide any clear analysis of which mental limitations would remain absent Claimant's substance abuse.  The medical evidence is fundamentally inconclusive on this point, and it is impossible to say that Claimant' mental impairments are only present when he engages in substance abuse. *See Brueggerman v. Barnhart,* 348 F.3d 689, 695(8th Cir. 2003); *White v. Commsr. of Social Security,* 302 F. Supp.2d 170 (W.D. N.Y .2004); *Ostrowski v. Barnhart*, 2003 WL 22439585(D. Conn.).

In light of this ruling it is not necessary at this time to determine whether the ALJ's determination of the Claimant's RFC was flawed. On remand the Claimant will have the opportunity to demonstrate Claimant's education level and present arguments in that regard. *See* Plaintiff's Memorandum, pp. 12-16.

Accordingly I am ordering a remand for further consideration at step three. Additionally because the remaining steps of the sequential evaluation are unavoidably intertwined with the evaluation at step three, the ALJ's opinion on remand should reassess the Claimants status at each step of the remaining steps as well.  Upon remand, the ALJ shall strictly comply with the requirements of 20 C.F.R. §§404.1520a & 404.1535.  If the ALJ proceeds to discuss the effects of any alcohol/substance abuse on the claimant's disability, he or she shall discuss the medical evidence he or she relies upon in finding that any disabling limitations do or do not exist independently of the drug and alcohol abuse.  If the ALJ finds that the Claimant is not disabled when free from substance abuse, the ALJ shall discuss all of the medical evidence of record that supports such a finding.  Additionally, as required by 20 C.F.R. § 404.1512, the ALJ will consider all of the evidence--including exhibits submitted to the Appeals

Council, if any--of all Claimant's impairments at all steps
of the sequential analysis.  A separate Order shall issue.


                              /s/
                         Paul W. Grimm
                         United States Magistrate Judge